IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KARLO LEVINCE LANE                                                                    PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:19cv733-KHJ-FKB

DR. BONDER, ET AL.                                                                  DEFENDANTS

**REPORT AND RECOMMENDATION**

Before the Court is the Motion for Summary Judgment [35] filed by Defendants Dr. Steven Bonner;[1] Evelyn Dunn, R.N.; and Kimberly K. Brown, Psychiatric Nurse Practitioner, in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff, Karlo Levince Lane, has failed to respond to the motion, even after the Court *sua sponte* granted him an extension. Lane is proceeding in this matter *in forma pauperis* and *pro se*. For the reasons explained in this Report and Recommendation, the Court finds that the motion for summary judgment should be granted on the basis that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

I.     CLAIMS

Lane alleges that his constitutional rights were violated during his confinement at East Mississippi Correctional Facility ("EMCF"). In his complaint and at the omnibus hearing, Lane alleged that Defendants altered and/or eliminated his psychiatric medications from February to December 2019. He alleges that, prior to filing this action, he exhausted his administrative remedies in the Administrative Remedy Program ("ARP") of the Mississippi Department of Corrections, but officials took no actions in response to his grievances. [1] at 6. He reiterated

---

[1] Defendants state that Plaintiff incorrectly identified Dr. Bonner as "Dr. Bonder" when he amended the named Defendants in this action. [35] at 1.

this position at the omnibus hearing. He asks for monetary compensation for damages to his mind and body resulting from the change in his medications. *Id.* at 5.

## II. RELEVANT STANDARDS

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 119 S.Ct. 618 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial,*" Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

## III. DISCUSSION

Statutory law and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought, before filing a § 1983 action in federal court. The relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA), states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 121 S.Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 121 S.Ct. at 1825. The United States Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 122 S.Ct. 983 (2002); *see also Jones v. Bock*, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The United States Court of Appeals for the Fifth Circuit has reiterated the principles found in these cases. In *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Id.* at 788. Moreover, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, Civil Action No. 4:10cv111-LRA, 2013 WL

3

4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)(finding that filing an initial grievance, without more, did not equate to exhaustion)); *see also Tompkins v. Holman*, Civil Action No. 3:12cv87-LRA, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the ARP before filing his lawsuit).

In this case, Lane does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. *See Ferrington v. Louisiana Dep't of Corr.*, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); *see also Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness). Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 739 (2001). Put another way, "[t]he requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program." *Nealy v. Moore*, Civil Action No. 4:11cv187-HTW-LRA, 2013 WL 6230107, *3 (S.D. Miss. Nov. 30, 2013)(citing *Alexander v. Tippah Co.*, 351 F.3d 626, 630 (5th Cir. 2003)).

Plaintiff signed his complaint on September 11, 2019.  [1] at 11.  He also signed his initial motion to proceed *in forma pauperis* on September 11, 2019.  [2] at 2.  Lane's complaint is postmarked October 10, 2019, and the District Court received and filed his complaint on October 15, 2019.  [1-1] at 1; [1] at 1.

Defendants have presented documents from Lane's ARP file at EMCF.  *See* [35-1]; [35-2].  The documents show that Lane signed one grievance, EMCF-19-1935, related to this claim

4

on October 5, 2019. [35-2] at 2, 5. In his request for relief, he asked solely for monetary compensation for Defendants' alleged failure to provide him with medication for his mental health issues. *Id.* at 5. This grievance was received by the EMCF ARP Department on October 8, 2019, and it was rejected on December 5, 2019, because it asked for relief (monetary damages) that is beyond the power of the ARP to grant. *Id.* at 2. Lane signed his notification of the rejection on December 6, 2019, *id.* at 6, and the record contains no evidence that Lane attempted to amend his grievance or file other grievances related to his mental health. [35-1] at 1.

As the undisputed records demonstrate, Lane filed this action before he exhausted his administrative remedies. He signed his complaint nearly one month before he filed his initial grievance with the ARP. His complaint was filed in this Court several weeks before his grievance was rejected by the ARP. "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzales*, 702 F.3d. at 788. Accordingly, the undersigned recommends that the motion for summary judgment be granted and this action be dismissed for Plaintiff's failure to exhaust administrative remedies.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 25th day of January, 2021.

5

/s/ F. Keith Ball                           .
UNITED STATES MAGISTRATE JUDGE
